UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANDREWS,

                         Plaintiff,

            -against-

(EDNY EMS) KEVIN RICO; (NYPD) OFFICER EVANS; NYC HEALTH HOSPITALS QUEENS; BELLEVUE MEDICAL CENTER,

                       Defendants.

23-CV-6968 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his constitutional rights. By order dated August 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **Bellevue Hospital**

Bellevue Hospital is a facility operated by the New York City Health +Hospitals Corporation ("H+H") (formerly known as the New York City Health and Hospitals Corporation) ("HHC")). Although H+H has the capacity to be sued, *see* N.Y. Unconsol. Laws § 7385(1), Bellevue Hospital, as a facility within H+H, lacks the capacity to be sued. *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by HHC . . . may not be sued in its independent capacity"); *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) ("[S]ince Bellevue is merely a facility within HHC, it too lacks the capacity to be sued."). Bellevue Hospital is therefore dismissed from the action.

B.  **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants H+H and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.   Rico and Evans**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying and serving a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to ascertain service addresses for "(FDNY EMS)" Kevin Rico #2673; and New York Police Department ("NYPD") Officer Evans #2039, who responded to Plaintiff's 911 call on June 19, 2023, at 11:30 a.m., to 88-50 179 Street in Jamaica, Queens. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD and FDNY, must provide the addresses where Defendants Rico and Evans may be served. The New York City Law Department must provide this information to the Court within sixty days of the date of this order.

Once the Court receives that information, it will issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for Rico and Evans and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.   NYLAG**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against Bellevue Hospital. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to: (1) complete the USM-285 forms with the addresses for H+H and the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail a copy of this order to the New York City Law Department, 100 Church Street, New York, N.Y. 10007; and (3) mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   8-21-23
         New York, New York

                                                    _____
                                                    LEWIS J. LIMAN
                                                    United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, N.Y. 10007

2. NYC Health + Hospitals Corp.
   50 Water Street, 17th Floor
   New York, New York 10004