USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANDREWS,

                        Plaintiff,

        -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION et al.,

                        Defendants.

23-CV-06968 (MMG)

**ORDER ADOPTING**
**R&R**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Michael Andrews, proceeding *pro se* and *in forma pauperis*, initiated this case on August 7, 2023. *See* Dkt. No. 1. Plaintiff alleges that his constitutional rights were violated when he was involuntarily hospitalized. Dkt. No. 61. He also brings various claims arising under state law. *Id.* Plaintiff amended his complaint on September 27, 2024, Dkt. No. 44, and again on March 18, 2025, Dkt. No. 61. Defendants moved to dismiss the Second Amended Complaint on April 11, 2025. Dkt. No. 62. On May 9, 2025, the case was referred to Magistrate Judge Moses for a report and recommendation on the motion to dismiss. Dkt. No. 67. On March 6, 2026, Judge Moses issued a Report and Recommendation (the "R&R") recommending dismissing the federal claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and the state-law claims without prejudice. Dkt. No. 70.

On March 19, 2026, the Clerk of Court received a letter from Plaintiff titled "Response to Motion to Dismiss." Dkt. No. 71. The letter raises the following arguments. First, it states that the hospital had illegally held Plaintiff hostage and that he did not display any justifying behavior. *Id.* at 1. Second, it states that a hospital nurse gave Plaintiff a medication that "did not agree with [his] body" and triggered an autoimmune reaction. *Id.* at 2. Third, he claims that his treating physician acted spitefully in refusing to allow him to leave the hospital immediately. *Id.* Fourth, Plaintiff alleges that a relevant video was deleted. *Id.* at 2–3. Plaintiff also discusses various challenges concerning his health and housing. *Id.* at 5. Given Plaintiff's *pro se* status, the Court will treat this letter as Plaintiff's objections to the R&R.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Molefe v. KLM Royal*

*Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) ("Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal.").

In the present case, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Docket No. 58 at 7. In addition, the R&R expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Although Plaintiff filed a letter within the requisite time frame, the letter does not raise any new arguments that were not previously addressed in the R&R.[1] *See* R&R at 11 (finding that Defendants had probable cause to involuntarily hospitalize Plaintiff and directly addressing his contention that he "did nothing wrong" and "does not have a mental illness"); *id.* at 2–3 (discussing Plaintiff's allegation that he was forced to take medicine and that the experience triggered his autoimmune disease); *id.* at 11 (addressing Plaintiff's allegation that Defendants acted out of spite). Where, as here, "the objecting party makes only frivolous, conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." *Abadi v. United Airlines, Inc.*, No. 25-CV-01771 (PAE) (BCM), 2026 WL 539703, at *1 (S.D.N.Y. Feb. 26, 2026).

The Court has reviewed the motion and the R&R unguided by objections, and finds the R&R to be well reasoned, grounded in fact and law, and devoid of error. Accordingly, the Report and Recommendation is ADOPTED in its entirety. The motion to dismiss is GRANTED, and, given Plaintiff's multiple prior amendments, further leave to amend is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and CLOSE this case.

Dated: March 24, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] Plaintiff's claim concerning destroyed video evidence was raised for the first time in the March 19, 2026 letter. "New arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all." *Khatabi v. Bonura*, No. 10-CV-01168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017).